**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR PUBLIC INTEGRITY<br>910 17th Street, N.W., 7th Floor<br>Washington, DC 20006-2606,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY<br>1000 Independence Ave., S.W.<br>Washington, DC 20585,<br><br>Defendant. | Civil Action No. 17-286<br>ECF |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, the Center for Public Integrity ("the Center"), brings this action for declaratory and injunctive relief, alleging as follows:

**Nature of Action**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, to compel the production of certain agency records related to performance evaluations at nuclear weapons sites.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201(a).

3. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**Parties**

4. Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism

organization based in Washington, D.C. The Center's mission is "[t]o serve democracy by revealing abuses of power, corruption and betrayal of public trust by powerful public and private institutions, using the tools of investigative journalism." "About The Center for Public Integrity," http://www.publicintegrity.org/about. Plaintiff is the requester of the withheld records.

5. Defendant U.S. Department of Energy ("DOE") is an agency of the United States. The National Nuclear Security Administration ("NNSA") is a component agency or office of Defendant DOE. Defendant has possession of and control over the records that Plaintiff seeks.

**Plaintiff's Freedom of Information Request**

6. DOE has published nuclear site performance evaluation plans, performance evaluation reports, and/or fee determination letters for 2012 and subsequent years on its website (linked from https://nnsa.energy.gov/aboutus/ouroperations/apm/perfevals). However, for the years 2006 through 2011 it has included only brief "Performance Evaluation Report Summar[ies]." All or most of the summaries include a notation, "For a copy of the full Performance Evaluation Report (PER), please contact NNSA Public Affairs." In June 2015, NNSA Public Affairs informed Plaintiff that the full PERs could be obtained only by filing a Freedom of Information Act request.

7. On June 19, 2015, Plaintiff requested from Defendant, DOE, the following records:

> National Nuclear Security Administration annual performance evaluation plans, annual performance evaluation reports, correspondence with management and operation contractors announcing award fees (such as a fee determining letter or its equivalent) and any contractor self-evaluation report or correspondence submitted to NNSA for the purposes of fee award or annual performance evaluation determinations for the following fiscal years at the following sites: 2006, 2007, 2008, 2009, 2010, and 2011 at Lawrence Livermore National Laboratory, Los Alamos, National Security Campus (Kansas City), Nevada National Security Site, Pantex Plant, Sandia National Laboratories, Savanah River Site and Y-12 National Security Complex. Additionally, this request seeks all

correspondence during the aforementioned period of time between management/operation contractors at the aforementioned NNSA sites and/or their representatives and the NNSA officials responsible for determining fee awards that references the terms "discretion" or "discretionary."

8. The performance evaluation plans, performance evaluation reports, and award-fee announcements that Plaintiff has requested for 2006 through 2011 are precisely the same types of records that DOE has made publicly available for more recent years.

**Defendant's Processing of the Request**

9. Defendant initially responded, on July 6, 2015, saying that the requested information was publicly available through its website and that the request (assigned Control Number FOIA 15-00233-H) was closed.

10. Upon Plaintiff's objection that in fact the requested records were not available online as Defendant had claimed, Defendant on July 7, 2015, withdrew that initial response and stated that the "request is currently out for a search for responsive records."

11. Plaintiff has inquired about the request and on January 19, 2017, received an email reply from a FOIA specialist acting on DOE's behalf. She stated, in part, "This FOIA was assigned to me on 1/5/17 …. I am aware you are wanting an estimated date of completion, but as of right now I am unable to give you that information.[1] After reviewing the case, I can tell you that I have some of the requested information. I am still waiting on responsive documents from various site offices. I can begin to prepare a partial response for you with the documents that I do have."

[1] The FOIA requires that "Each agency shall … establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including … an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

12. Plaintiff replied by email on January 20, 2017, asking that DOE produce a partial response within one week, and stating that Plaintiff would "hold off on filing [suit] until Feb. 3 in hopes that responsive documents will be provided by then."

13. DOE has failed to produce any records responsive to Plaintiff's request and has not issued a final determination upon Plaintiff's request.

14. Plaintiff submitted its request more than 18 months ago. Since more than 20 working days have passed since Defendant received Plaintiff's request, Plaintiff has exhausted all applicable administrative remedies.

15. Plaintiff has a statutory right to the requested records, and there is no legal basis for Defendant's failure to make them available to Plaintiff.

## Demand for Relief

WHEREFORE, Plaintiff requests that this Court:

1. Declare that Defendant's failure to disclose the records requested by Plaintiff is unlawful;

2. Order Defendant to make the requested records available to Plaintiff;

3. Award Plaintiff its costs and reasonable attorneys' fees in this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/S/

Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

February 15, 2017